# United States Court of Federal Claims

| | |
|---|---|
| **Sharon L. Myrick, DDS** | : |
| **804 Musket Trial** | : |
| **Nashville, TN 37217** | : |
| | : |
| **Plaintiff** | : |
| | : |
| **v.** | : **Case No: : 08-92 C** |
| **United States of America** | : **Judge Braden** |
| | : |
| **Defendant** | : |
| | : |

## Plaintiff's Motion For Judgment Upon Administrative Record

**WENDELL C. ROBINSON**
**Counsel for the Plaintiff**
**4308 Georgia Avenue, N.W.**
**Washington, D.C. 20011**
**202-223-4470**

## Motion

The Plaintiff, Sharon Myrick, Myrick, moves this Court for an order granting her judgment on the administrative record pursuant to Rule 52.1 of the Rules of the United States Court of Federal Claims. The Plaintiff relies upon the following in support of her motion.

## Brief

## Statement of the Issue

Whether the The Medical Review Board's Findings, dated, October 16, 2007, that Myrick's Medical Disability was not aggravated by her service, but a natural progression of the disease, was arbitrary, capricious, contrary to the law and lacked substantial evidence to support that finding.

## Statement of the Case

Myrick is a dentist. She was a Lt. Commander in the Commissioned Corp of the Public Health Service (PHS). On June 15, 2007, she sent a letter to the PHS resigning her commission and requested medical retirement.

A Medical Review Board (MRB) was convened on September 27, 2007, to consider Myrick's request for medical retirement. On October 16, 2007, the MRB found Myrick was not fit for duty, and that she should be separated, without a medical disability, or medical benefits, finding: Myrick failed to disclose the existence of a disabling condition, prior to her call to active duty, that she failed to disclose the existence of other significant chronic conditions, such as knee pain, that she refused to allow the Medical Affairs Branch to speak to her neurologists, and that she suffered from Multiple Sclerosis, (MS), which was not aggravated by her service, but a natural progression of the disease.

Myrick appealed MRB's findings, to the Medical Affairs Branch, (Board), arguing there was insufficient evidence to support their decision. On December 6, 2007, the Board held a

hearing, on Myrick's appeal. She was represented by counsel and testified on her own behalf. Immediately after the hearing, the Board went into executive session and approved MEB's findings. The Acting United States Surgeon General approved the Board's findings on January 2, 2008; and Myrick's separation was effective January 9, 2008 without a medical disability.

## Statement of the Facts

Myrick received her dental degree from Meharry Medical College in 1984. Upon graduation she joined the Navy and served as a commissioned officer from 1986 to 1989.

Before joining PHS, PHS assigned a physician to give Myrick an extensive and rigorous physical test, to determine if she was fit to perform her duties. The test was performed at the Veterans Administration Hospital in Nashville, Tennessee. She passed the test and was assigned to serve as a United States Dental Officer in a dental clinic located in Great Lakes, Illinois from October 1985 to July 1988. She left the Navy, in 1988, and went on inactive status, but returned to the PHS, and served as a commissioned officer, with the Indian Health Service, in Acoma, New Mexico from November 1996 to October 1998. Her last assignment, with the PHS, began in April of 2005. She was assigned as a Naval Reserve Dental Officer at the Naval Reserve Center, in Chattanooga, TN, but was also assigned to serve as a Senior Public Health Analyst, with the Bureau of Health Profession's Division of Medicine and Dentistry, in PHS' headquarters in Rockville, Md.

Myrick testified, at the Board's hearing, that in 2002, her health was fine, that she enjoyed a full life, danced, swam, ran, took the Navy's PT test, which required her to run a mile and half, do sit-ups, push-ups, and take a swim test. She passed them with an outstanding rating.

Myrick further testified, that she responded truthfully to all of the questions asked of her, both orally and on any forms given to her to complete.

When Captain Wolf, of the Board, asked Myrick if she knew she had MS in 2004? She responded yes, but testified that she did not have any of its symptoms. Captain Wolf responded, the form does not ask about symptoms, only if you ever had MS. Myrick testified, in response, that even though she was told she had MS, the fact that she was living a full life, did not have

any MS symptoms, she did not believe she had the disease. Captain Wolf asked Myrick, if she was aware that MS symptoms can wax and wane, and while she might not be symptomatic at the time that she completed the medical report history that MS could re-emerge at any time? Myrick responded she did not know that, was not familiar with MS' symptoms, did not read about it, and did not accept it as disease that she had.

With respect to the medical history form that Myrick completed, Captain Wolf wanted to know, why she did not check, question 15 (h) which asked if she had suffered from a neurological condition. Myrick's response was that she did not see that it was a disease from which she suffered and felt it would be inappropriate to check the box. Captain Wolf admitted that MS' symptoms may not have presented themselves when Myrick completed the medical history form.

Myrick's testimony, at the Board's Hearing was credible. She testified that when she joined the PHS in 2005, she passed its rigorous entry physical, given to her by a physician chosen by PHS, that she passed the Navy's PT test, given twice a year, with an outstanding rating, that she did not know MS' symptoms, and because of her active life style, she believed her MS diagnosis was incorrect. This being the case, the Board's approval of MRB's findings was: arbitrary, capricious, contrary to the law, and unsupported by the evidence.

## Standard of Review

The Standard of Review is whether given all of the disputed and undisputed facts, the moving party has met its burden of proof based on the evidence on the record that the Agency's decision was arbitrary, capricious, contrary to the law and lacked substantial evidence to support that finding. **Colon v. U.S.** 71 Fed. Cl. 473, 484 (2006) citing, **Wronke v. March** 783 F.2d 1569, 1576, (Fed. Cir. 1986) See also, **Bannum v. U.S.** 404 F3d 1346 1356, (Fed. Cir. 2005).

**Myrick is Entitled to Separation With Medical Benefits Pursuant to: 42 U.S.C. § 212 and 10 U.S.C. § 1201**

When Myrick joined the PHS the appropriate statutes provided that she could retire pursuant to **42 U.S.C. § 212**, et seq, and **10 U.S. C. § 1201**, et seq., with a medical disability retirement or severance pay, if she qualified.

Under **10 U.S. C. § 1201** the Secretary may determine that a service member is "unfit to perform their duties consistent with the member's office, grade, rank because of a physical disability incurred while the member was entitled to receive basis pay". See **Chambers v. U.S.** 417 F.3rd 1218, 1223 (Fed. Cir. 2005).

Whether a member has a qualifying disability is governed by § 1201 supra. Whether a service member qualifies for medical disability retirement is determined by military boards or the administrative procedures within PHS. See, **Friedman v. United States**, 159 Ct. Cl. 1, 310 F.2d 381,396 (1962).

On June 15, 2007, Myrick sent a letter to the PHS resigning her commission and requested medical retirement. When she resigned, she was fully qualified for separation with a medical disability. Upon receipt of Myrick's letter, the MRB evaluated her case and found that her Medical Disability was not aggravated by her service, but a natural progression of the disease, and that she failed to disclose, at the time of her employment, that she suffered from MS., a preexisting medical condition.

When Myrick's case was initially evaluated, for a medical disability retirement, before two reviewing boards, the United States did not present any evidence to refute any of Myrick's evidence and/or testimony, that she was entitled to medical disability retirement, nor did they present any witnesses, to testify that Myrick's condition was not aggravated by her service or that she had failed to disclose she had MS at the time of her employment. In the absence of any legally sufficient evidence to refute Myrick's evidence, Myrick's evidence must deemed conceded and she's entitled to a medical disability retirement or severance pay, pursuant to: **42 U.S.C. § 212**, et seq, and **10 U.S. C. § 1201**, et seq.

## Violation of Due Process Rights and the Right to Confrontation

When the reviewing Boards held its hearings, to consider Myrick's request for a medical disability retirement, they considered evidence from individuals that were not present during the hearing, resulting in a denial of Myrick's right to confront and cross examine her accusers.

## Conclusion

Myrick request this Court to grant her judgment on the administrative record, because the Board's findings are: arbitrary, capricious, contrary to the law, and unsupported by the evidence

Respectfully submitted,

***s/s Wendell C. Robinson***

Wendell C. Robinson
Counsel for the Plaintiff
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

## Certificate of Service

I certify that on this 24th day of July 2008, a copy of Myrick's motion for judgment on the pleadings was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

***s/s Wendell C. Robinson***