# United States Court of Federal Claims

| | | |
|---|---|---|
| **Sharon L. Myrick, DDS** | : | |
| **804 Musket Trial** | : | |
| **Nashville, TN 37217** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Case No: : 08-92 C** |
| **United States of America** | : | **Judge Braden** |
| | : | |
| **Defendant** | : | |
| | : | |

## Plaintiff's Opposition To the Defendant's Motion For Judgment Upon

1. The Defendant moves for judgment on the pleadings alleging, inter alia, that the reviewing boards findings that the Plaintiff, Sharon Myrick, (Myrick) was not entitled to separation with a medical disability was based on sufficient evidence justifying their findings, because Myrick's MS was not incurred while entitle to basis pay.

2. The Defendant's motion reiterates the Board's findings:

> That Myrick was not fit for duty, and that she should be separated, without a medical disability, or medical benefits, finding: Myrick failed to disclose the existence of a disabling condition, prior to her call to active duty, that she failed to disclose the existence of other significant chronic conditions, such as knee pain, that she refused to allow the Medical Affairs Branch to speak to her neurologists, and that she suffered from Multiple Sclerosis, (MS), which was not aggravated by her service, but a natural progression of the disease.

3. Myrick testified, at the Board's hearing, that in 2002, her health was fine, that she enjoyed a full life, danced, swam, ran, took the Navy's PT test, which required her to run a mile and half, do sit-ups, push-ups, and take a swim test. She passed them with an outstanding rating. She further testified, that she responded truthfully to all of the questions asked of her, both orally and on any forms given to her to complete.

4. When Captain Wolf, of the Board, asked Myrick if she knew she had MS in 2004? She responded yes, but testified that she did not have any of its symptoms. Captain Wolf

responded, the form does not ask about symptoms, only if you ever had MS. Myrick testified, in response, that even though she was told she had MS, the fact that she was living a full life, did not have any MS symptoms, she did not believe she had the disease. Captain Wolf asked Myrick, if she was aware that MS symptoms can wax and wane, and while she might not be symptomatic at the time that she completed the medical report history that MS could re-emerge at any time? Myrick responded she did not know that, was not familiar with MS' symptoms, did not read about it, and did not accept it as disease that she had.

5. With respect to the medical history form that Myrick completed, Captain Wolf wanted to know, why she did not check, question 15 (h) which asked if she had suffered from a neurological condition. Myrick's response was that she did not see that it was a disease from which she suffered and felt it would be inappropriate to check the box. Captain Wolf admitted that MS' symptoms may not have presented themselves when Myrick completed the medical history form.

6. Myrick's testimony, at the Board's Hearing was credible. She testified that when she joined the PHS in 2005, she passed its rigorous entry physical, given to her by a physician chosen by PHS, that she passed the Navy's PT test, given twice a year, with an outstanding rating, that she did not know MS' symptoms, and because of her active life style, she believed her MS diagnosis was incorrect. This being the case, the Board's approval of MRB's findings was: arbitrary, capricious, contrary to the law, and unsupported by the evidence Myrick presented.

7. When deciding a motion for judgment on the pleadings, the reviewing Court must review all of the disputed and undisputed facts, and determine if the moving party has met its burden of proof based on the evidence on the record. **Colon v. U.S.** 71 Fed. Cl. 473, 484 (2006) citing, **Wronke v. March** 783 F.2d 1569, 1576, (Fed. Cir. 1986) See also, **Bannum v. U.S.** 404 F3d 1346 1356, (Fed. Cir. 2005). In this case, Myrick's testimony is unrefuted. The United States Public Health Service, PHS, did not present any expert to testify about the characteristics of MS and its symptoms. In **Procter v. United States** 154 FS 317 (Ct Cl 1975) expert testimony

was taken on this issue. In this case, the Board members are physicians but they cannot substitute their medical opinions, as evidence, because PHS failed to present any evidence about MS to refute Myrick's testimony that she believed that any diagnosis that she had MS was incorrect.

9. With respect to respect Captain Wolf's question, why Myrick did not check, question 15 (h) which asked if she had suffered from a neurological condition, she testified, that she did not see that it was a problem from which she suffered and felt it would be inappropriate to check the box. PHS failed to present any evidence to refute Myrick's response.

10. In the absence of any legally sufficient evidence to refute Myrick's evidence, Myrick's evidence must deemed conceded and she's entitled to a medical disability retirement or severance pay, pursuant to: **42 U.S.C. § 212**, et seq, and **10 U.S. C. § 1201**, et seq.

## Violation of Due Process Rights and the Right to Confrontation

11. When Captain and the other members of the Boards held its hearings, they considered evidence from individuals that were not present during the hearing, resulting in a violation of Myrick's right to confront and cross examine her accusers, and warrants a finding that the Board's decision was arbitrary, capricious, contrary to the law, and unsupported by the evidence.

**Wherefore the premises considered,** Myrick prays that this Court will deny the Defendant's motion for judgment on the administrative record.

Respectfully submitted,

***s/s Wendell C. Robinson***
Wendell C. Robinson
Counsel for the Plaintiff
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

## Certificate of Service

I certify that on this 24th day of July 2008, a copy of Myrick's opposition to the Defendant's motion for judgment on the pleadings was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

***s/s Wendell C. Robinson***