# TABLE OF CONTENTS


| Chapter | Subject | Page |
|---|---|---|
| 1 | Purpose, Authorities and Responsibility, Eligibility, and Policy | 1 |
| 2 | Requirements for Disability Retirement or Separation with Benefits | 3 |
| 3 | Initiation of Fitness Evaluation | 6 |
| 4 | Medical Examination | 8 |
| 5 | Public Health Service Medical Review Board | 10 |
| 6 | Disability Retirement | 14 |
| 7 | Counseling and Rights of Officers | 16 |
| 8 | Line of Duty/Proximate to Duty Determinations | 20 |
| 9 | Continuance of Disabled Officers on Active Duty | 23 |

**Exhibits**

I Steps in Processing

II Transmittal No. 592, dated 3/12/96, INSTRUCTION 7, Subchapter CC23.8, "Appeals Board Incident to Disability Retirement or Separation," of the Commissioned Corps Personnel Manual (CCPM)


### *IMPORTANT NOTICE*

To update this pamphlet, the following changes were made:
In May 1998: Medical Branch is now Medical Affairs Branch; Commissioned Personnel Operations Division is now Division of Commissioned Personnel; Veterans Administration is now Department of Veterans Affairs; Exhibit II has been updated to the current CCPM INSTRUCTION dated 3/12/96, and Exhibit III, CCPM Manual Circular 357, "Changes in EEO Procedures" has been added. In July 1998, on page 1, item B, in the second sentence, the words *". . . and to initiate action on requests"* was removed from the delegated authority of the Director, DCP, and the following was added to the third sentence: *". . .to respond to requests for fitness evaluations and. . ."* In July 1999, Exhibit III, CCPM Manual Circular 357 was removed; see CCPM INSTRUCTION 6, Subchapter CC26.1.

# DISABILITY EVALUATION MANUAL FOR THE COMMISSIONED CORPS OF THE U.S. PUBLIC HEALTH SERVICE
**CCPM Pamphlet No. 47, dated August 1983**
**(updated May 1998, July 1998, and July 1999)**

## *CHAPTER I*

## PURPOSE, AUTHORITIES AND RESPONSIBILITY, ELIGIBILITY, AND POLICY

### A. PURPOSE

The purpose of this manual is to prescribe the administrative procedures and policies to be followed in implementing the provisions of Title 10, United States Code, Chapter 61, pertaining to separation or retirement of commissioned officers of the Public Health Service (PHS) because of physical disability. Such policies and procedures are in accordance with pertinent PHS Regulations and the general principles as stated in the Department of Defense (DoD) Directive 1332.18 (Subject: Uniform Interpretation of Laws Relating to Separation from the Military Service by Reason of Physical Disability).

### B. AUTHORITIES AND RESPONSIBILITY

The Assistant Secretary for Health (ASH) or his/her designee has been delegated approving authority for all disability retirements or separations. The Director, Division of Commissioned Personnel (DCP), Human Resources Service, Program Support Center, Department of Health and Human Services, has been delegated authority to appoint PHS Medical Review Boards (PHS MRB) for fitness evaluations. The Chief, Medical Affairs Branch (MAB), DCP, has been assigned responsibility to respond to requests for fitness evaluations and for informing the officer and the designated hospital concerning the required medical evaluation, presenting the resultant reports to PHS MRB, informing the officer of the findings and recommendations of PHS MRB, counseling the officer and program officials concerning administrative procedures and disability entitlements, and handling the administrative arrangements for Appeals Boards.

### C. ELIGIBILITY

All officers, reserve or regular, serving on active duty are covered by the provisions of the manual with the exception of Junior Commissioned Officer Student Training and Extern Program (JRCOSTEP) officers and Senior COSTEP participants, who are excluded from disability retirement under Section 221(a)(2) of the PHS Act (42 USC 213a(a)(2)). Former officers who become physically disabled after separation from PHS, even though the origin of the disability may be service-connected, are not eligible for disability benefits from PHS. However, they may be eligible for compensation from the Department of Veterans Affairs (VA) and should apply to that agency for adjudication of any claim.

D. GENERAL POLICY

1. It is the policy of PHS that laws pertaining to retirement or separation for physical disability will be administered fairly, equitably, and with due regard for the interest of both the individual and the Government.

2. To assure uniform interpretation of the laws among the Uniformed Services, PHS has adopted the principles set forth in the DoD Directive 1332-18 (copy on file, MAB, DCP). It is to be noted that the administrative procedures used to implement these guidelines may be at variance due to differences in PHS and DoD operational practices. Where there is a discrepancy between the provisions of any official PHS issuance and DoD Directive 1332.18, the PHS issuance shall in all cases prevail.

3. No officer will be retired or separated from PHS because of disability solely for the purpose of increasing his/her benefits.

4. An officer who demonstrates the ability to perform the duties of his/her grade, category, or office up to the time of application for separation or retirement, unless it can be shown that he/she was improperly being retained on active duty or has incurred a new or aggravated a previously diagnosed condition, will be presumed to be fit for duty. In some cases, an officer found fit at the time of retirement or separation may have a service-connected defect that can affect his/her potential for civilian employment. Such officer may apply to VA for adjudication of a claim for disability compensation.

E. KEY DEFINITIONS

1. Physical disability - any manifest or latent impairment due to disease or injury, regardless of degree, which reduces or precludes an individual's actual or presumed ability to engage in gainful or normal activity. The term "physical disability" includes mental disease but not such inherent defects as behavior disorders, personality disorders, and primary mental deficiency.

2. Unfit because of physical disability - a member is unfit because of physical disability when he/she is unable to perform the duties of his/her office, rank, or category in such a manner as to reasonably fulfill the purpose of employment on active duty.

*CHAPTER 2*

## REQUIREMENTS FOR DISABILITY RETIREMENT OR SEPARATION WITH BENEFITS

### A. FITNESS FOR DUTY DETERMINATION

To be eligible for disability retirement or separation, an officer must be found unfit to perform the duties of his/her grade, category, or office because of one or more physical or mental conditions. The disabling condition must be permanent in nature or one which may become permanent. In some cases, a finding of unfitness may be based on medical facts alone; for example, in the case of a severe illness or injury, if continuation of active service would obviously be deleterious to the officer's health or significantly interfere with his/her ability to perform official duties. In other cases, however, evaluation of an officer's performance by his/her supervisors may provide better evidence regarding fitness than an estimate by examining physicians based on medical findings alone. The fact that an officer has a medical condition which could, under certain circumstances, render the individual unfit does not, per se, make him/her unfit. The officer's demonstrated level of performance is usually the key factor in determining fitness. On the other hand, demonstrated unfitness to perform is not necessarily due to physical disability. A cause-effect relationship between an officer's inability to perform and his/her physical condition must be established.

### B. SERVICE-INCURRED OR -AGGRAVATED *(See also Chapter 8)*

To be eligible for disability benefits, an officer found unfit because of a physical disability must have acquired such disability while on active duty. The disability may be due to a condition incurred on active duty or due to a preexisting condition which was aggravated by service. The presumption is made that an officer was physically fit at the time of his/her call to active duty and any condition incurred or aggravated subsequently is considered service-connected with the following exceptions:

1. Physical disabilities noted at the time of the officer's commissioning physical examination or call to active duty and no service aggravation of the disability has occurred. "Natural progression" of a disease is not considered service aggravation.

2. Abnormalities discovered subsequent to entry on active duty which impel the conclusion that they must have existed or have originated before the individual entered PHS. As a matter of policy, any condition which becomes disabling after 180 days of active duty will be sufficient evidence of service connection unless the officer withheld information which would have established the preexistence of the disabling condition.

3. Any expected disability occurring as a result of necessary treatment of a condition which was neither service-incurred nor -aggravated.

To rebut a presumption of "service-incurred" or "service-aggravated," a preponderance of evidence to the contrary must be present. Medical opinions alone are not sufficient. There must be evidence based on well established medical principles which preclude a reasonable doubt.

C. LINE OF DUTY *(See also Chapter 8)*

A disabling disease or injury incurred while on active duty must also be incurred in the line of duty to qualify an officer for disability benefits. In general, a condition acquired or aggravated while on active duty with PHS will be considered to have occurred in line of duty except for those incurred under the following circumstances:

1. As a result of an officer's misconduct.

2. While absent without leave.

3. As a result of an officer's willful neglect.

D. PROXIMATE RESULT *(See also Chapter 8)*

For officers called to active duty for 30 days or less, a determination must also be made that the disability is the "proximate result" of performing active duty or inactive duty training. In general, to be considered "proximate" the incurrence of a disability must have a direct relationship to the performance of duties and is thus more limiting than line of duty.

E. RATING OF DISABILITY

Upon determining that an officer is eligible for disability benefits, the disability must be rated using the VA Schedule for Rating Disabilities (VASRD) as modified by DoD Directive 1332.18. It must be emphasized that although a medical condition is ratable according to VASRD, it does not necessarily constitute a disability for which PHS retirement or separation disability benefits will be granted. Further, ASH, or his/her designee, has the authority to assign ratings in unusual cases if it can be documented that VASRD does not reflect the true nature of the disability.

F. DISPOSITION OF CASES

An officer found unfit because of a permanent disability cannot ordinarily be retained on active duty even though further hospitalization may be required. The officer will normally be separated, placed on the temporary disability retired list (TDRL), or permanently retired.

However, with the consent of the officer and the officer's program, ASH may defer the disposition of the case if the officer can still serve with appropriate assignment limitations and his/her disability is basically stable or only slowly progressive and does not require extensive medical care or jeopardize the officer's health. In no case will an officer who is physically disabled be retained on active duty solely to increase benefits. *(See Chapter 9)*

*CHAPTER 3*

# INITIATION OF FITNESS EVALUATION

## A. REQUEST FOR FITNESS EVALUATION

A request for a fitness evaluation should be addressed to the Director, DCP, and may be initiated through one of the following mechanisms:

1. Officer's Own Initiative - An officer may request, in writing, a fitness evaluation when he/she feels unable to perform the duties of his/her office and grade because of medical reasons.

2. Program Official's Initiative - A program official may request, in writing, a fitness evaluation on an officer under his/her supervision when reasons for unacceptable performance of duties are suspected to be on medical grounds. A detailed description of performance limitations must accompany the request.

3. DCP Initiative - In the usual circumstance, initiation of fitness evaluation will be based on a request from the officer or his/her program official, as stated in 1. and 2., above. However, under the following conditions, the Director, DCP, may initiate such actions:

   a. If there has been excessive use of sick leave by an officer pursuant to PHS regulations (INSTRUCTION 1, Subchapter 49.1, of the Commissioned Corps Personnel Manual (CCPM); that is, 90 days of continuous sick leave or 120 days in a 12-month period).

   b. If, according to accepted medical principles, an officer has a medical condition which may be disabling or otherwise places him/her or others in jeopardy if he/she were to continue on active duty.

## B. EMERGENCY RETIREMENTS

Emergency cases will be processed under the same procedures as any other disability case. An officer sustaining an acute, possibly fatal, injury or illness will not be eligible for disability retirement during the immediate emergency period. The fact that death may, or is likely to, ensue during the emergency period is not grounds for disability. If, however, after a reasonable period of observation and treatment (generally after 72 hours of hospitalization) it becomes obvious that the condition causing the emergency will, or is likely to, result in permanent disability or death, the officer or his/her next of kin acting in his/her behalf, may, after counseling from MAB, DCP, request disability retirement. Such requests will be processed expeditiously but the same procedures will apply as with any other disability retirement.

C. INAPPROPRIATE REQUESTS FOR FITNESS EVALUATION

Such factors as the following are not to be used as the sole basis for initiating a fitness evaluation:

1. The officer's inability at some later date on active duty to meet the physical standards for initial entry into PHS.

2. Pending voluntary or involuntary separation or retirement. When an officer is being processed for separation or retirement for reasons other than physical disability, the officer's continued performance of duty until he/she is scheduled for separation for other purposes creates a presumption that the officer is fit for duty. **The officer shall not be referred for disability evaluation unless his/her physical condition raises substantial doubt that he/she is fit to continue to perform the duties of his/her office and grade or he/she was previously retained on active duty as an exception to policy.** The presence of a ratable medical disability under VASRD does not, per se, make an officer eligible for disability retirement.

3. Inability to physically qualify for specialized duties requiring a high degree of physical fitness.

4. Inability to physically qualify for transfer to another Uniformed Service or another component or program within PHS.

The Director, DCP, in consultation with the Chief, MAB, DCP, will make the final determination about the merits of a fitness for duty request.

*CHAPTER 4*

## MEDICAL EXAMINATION

A. RESPONSIBILITY OF THE CHIEF, MEDICAL AFFAIRS BRANCH, DCP

Upon receipt of a request for a fitness evaluation from the officer, the officer's program official, or at the initiative of the Director, DCP, the Chief, MAB, DCP, will arrange for a complete medical examination of the officer at an appropriate medical facility. Copies of all pertinent material available on the physical and mental fitness of the officer to perform his/her duties, including the official request for a fitness determination, previous medical records, and such other information as deemed pertinent for determining performance capability will be provided to the examining physicians.

1. In the usual circumstance, the medical examination will be carried out at a Uniformed Services medical facility. In this event, procedures established within the facility shall be used and **completed reports** shall be referred to PHS MRB for the decision regarding fitness and for the rating of disabilities, if appropriate.

2. PHS MRB may accept medical examinations from either Government or private sources as the basis for making a determination of fitness if PHS MRB finds it to be in the best interest of the Government and the officer.

B. SCOPE OF THE MEDICAL EXAMINATION

The medical examination should cover all diseases and injuries or residual conditions which may be pertinent in determining the ability of the officer to perform his/her duties and enable PHS MRB to rate the officer's disability. The following examinations will be required:

1. General Medical Examinations - A Standard Form (SF) 88, "Report of Medical Examination," and SF-93, "Report of Medical History," will usually be completed on the officer regardless of the apparent medical reasons for which a fitness has been ordered. This is to assure that no contributing or ratable conditions are overlooked. It is important for the examining physicians to comment on all positive items marked by the officer on the SF-93. It is also important to reference on the SF-88 and SF-93 findings for which more detailed information is available and include such information with the final report.

2. Special Medical Examinations - For those conditions which are, or may be, significant in the determination of fitness or the rating of disability, an in-depth evaluation should be carried out by appropriate qualified specialists. Such examinations should include documentation of the history, pertinent physical findings, results of tests, and, importantly, an assessment of how the condition(s) currently affects the officer's performance, treatment indicated, and the prognosis. The report of such examinations should be included as an addendum to the SF-88 and SF-93.

C. MEDICAL EXAMINATION REPORTS

Upon completion of the evaluation, the following documents should be submitted to the Chief, MAB, DCP: narrative summary capsulizing the pertinent medical findings; SF-88 and SF-93, if completed; and reports of consultations, x-rays, biopsies, and other special tests as appropriate.

D. DUTY STATUS

The officer's duty status should be determined using the same criteria for post hospitalization duty status as with any other officer who has been hospitalized. However, the officer should be aware that the final decision regarding duty status will be made by PHS MRB.