EXHIBIT I

## Steps in Disability Processing




*If program or DCP requested fitness and officer is found fit, the officer has no appeal rights and report is sent to ASH or his/her designee.

Note: In cases of unsuitability, matter will be referred to the Director, DCP, for further administrative action.

EXHIBIT II

MANUAL: Personnel
Chapter Series CC--Commissioned Corps Personnel Manual
Part 2--Commissioned Corps Personnel Administration

DEPARTMENT OF HEALTH AND HUMAN SERVICES
Program Support Center

Chapter CC23--Staffing
Subchapter CC23.8--Retirement
Personnel INSTRUCTION 7-- Medical Appeals Board Incident to Findings and Recommendations of the Commissioned Corps Medical Review Board

## CONTENTS


| Section | Subject | Page |
|---|---|---|
| A. | Purpose and Scope | 2 |
| B. | Authorities | 2 |
| C. | General Rules Governing an Appeals Board | 2 |
| D. | Responsibilities of the Appellant | 4 |
| E. | Responsibilities of the Director, DCP | 5 |
| F. | Responsibilities of the Medical Branch, DCP | 5 |
| G. | Responsibilities of the Board Members | 6 |
| H. | Hearing Board Procedures | 6 |
| I. | Deliberations and Conclusions by the Board | 7 |
| J. | Action by the Director, Program Support Center (PSC) | 8 |
| K. | Privacy Act Provisions | 8 |

## Section A. Purpose and Scope

This INSTRUCTION sets forth the mechanisms and guidelines by which an officer who wishes to appeal the findings and recommendations of a Commissioned Corps Medical Review Board (MRB), with respect to disability retirement, disability separation, or retention on active duty may obtain a timely decision. The subject of disability retirement and functions of the MRB are described in INSTRUCTION 6 of this Subchapter and Commissioned Corps Personnel Manual (CCPM) Pamphlet No. 47, "Disability Evaluation Manual for the Commissioned Corps of the U.S. Public Health Service."

## Section B. Authorities

10 U.S.C. Chapter 61, as made applicable by 42 U.S.C. 213a(a)(2), is the authority for the retirement or separation of PHS commissioned officers by reason of physical disability. 10 U.S.C. 1214 and CCPM, Subchapter CC43.8, INSTRUCTION 1, Section 21.192(b) are the authorities for full and fair hearings.

## Section C. General Rules Governing an Appeals Board

1. An officer who appeals the findings and recommendations of a MRB is entitled to a reconsideration of the matter by an Appeals Board (hereinafter referred to as "Board") and a final adjudication by the Director, PSC, or his/her designee.

2. An appeal to the Board (as evidenced by timely receipt in the Medical Branch of the written, "complete statement of appeal" [see Section D.1a.(3)] shall have the effect of suspending the findings and recommendations of the MRB. If the Medical Branch receives a written request from the officer retracting his/her statement of appeal before the expiration of the 30-day period which he/she is afforded for acceptance or appeal of the MRB report, the MRB report shall again become operative and shall be referred immediately to the Director, PSC, for a final determination.

3. Once the written statement of appeal has been received and the 30-day period has passed, the findings and recommendations of the MRB are null and void, do not establish a minimum threshold, and are not binding on the Board. (However, the MRB report will be made available to the Board in advance of the hearing.) At this point, no retraction is permitted; the case must be reviewed by the Board and only its findings and recommendations will be considered by the PSC. The Board's findings and recommendations may be equally, more, or less favorable to the officer than those of the MRB.

4. Except at the direction of the Board president, neither the Agency nor the Medical Branch, etc. is required to provide new evidence for the Board prior to the hearing, but may do so if any new information obtained would assist the Board in reaching an equitable determination. Such new evidence must be provided to the officer and to the Board at least 7 days before the hearing. The Medical Branch is not responsible for arranging evaluations or for acquiring documents which the officer desires for support of his/her appeal.

5. The officer making the appeal (hereinafter referred to as the appellant) may utilize any desired counsel at his/her own expense to assist with the development and presentation of the appeal. There is no statutory authority which will permit DHHS to reimburse an appellant for any expenses incurred in the appeals process.

6. The appellant will submit the appeal in writing to the Director, Division of Commissioned Personnel (DCP), Human Resources Service (HRS), Program Support Center (PSC), Department of Health and Human Services (DHHS), and mark it to the attention of the Medical Branch. The appeal must contain all matters, materials and facts to be considered by the Board. Issues not stated in the appeal will not be considered by the Board except upon motion by either the officer or the Chief, Medical Branch, DCP, and ruled on by the president of the Board.

7. Strict rules of evidence will not apply to the proceedings. However, the hearing will be conducted in such a manner as to assure an equitable result.

8. Medical and other pertinent information considered by the MRB shall be incorporated into the Board record.

9. A Board shall consist of three or more commissioned officers, three of whom shall be of the medical category and may include one or more dental officers.

10. No person who participated in the physical examination of the appellant upon which the MRB report was based shall be appointed to the Board. No person who signed the MRB report which the officer is appealing shall be appointed to the Board.

11. The Board may request and receive any pertinent material, facts, or expert technical advice which it believes will aid in achieving an equitable result.

12. The appellant and the Board members will be provided with copies of pertinent records.

a. The Board members shall be provided reasonable time to review the records prior to the hearing date.

b. The appellant may request in writing, additional records from the Chief, Medical Branch, DCP, pursuant to the Privacy Act of 1974.

13. Postponing and continuing hearings:

a. If the appellant fails to appear before the Board on the date, time, and place specified, without prior notice to the Director, DCP, the Board will proceed with the hearing and make a determination based on the case records at hand.

b. In the event of a bona fide emergency, e.g., acute illness or injury to the officer occurring before the hearing date, the hearing may be postponed to a later date by the Director, DCP.

c. If an emergency as set forth in preceding subparagraph b. occurs on the day of the hearing, the Board president shall make a determination whether to continue the hearing or postpone it to another date.

d. If the counsel for the appellant, or important witnesses or other parties to the proceedings are not present at the hearing, the Board president may decide to either continue the proceedings or establish another date for the hearing.

e. The Director, DCP, will be notified of all postponements by the Board president.

14. All matters regarding MRB actions which are being appealed shall be referred to the Chief, Medical Branch, DCP. Direct contact between Board members, the appellant or his/her counsel and MRB members is deemed inappropriate.

15. The Chief, Medical Branch, DCP, or official designee, may discuss with the appellant, his/her counsel, or Board members, procedural matters relating to the hearing. However, the merits of the case may not be discussed with the above parties prior to the hearing.

## Section D. Responsibilities of the Appellant

1. Timely action is essential in order to provide expeditious resolution of the matter. Therefore:

a. The appellant will be required to:

(1) File a statement of intent to appeal addressed to Director, DCP, (attention Medical Branch), within seven calendar days of receipt of the report of the MRB;

(2) Notify the Director, DCP, of the name, address, and telephone number of any person who has been retained as counsel in the appeal;

(3) File a complete statement of appeal, which addresses all matters, materials, or facts at issue, within 30 days of receipt of the MRB report; as evidenced by postmark or receipt in the Medical Branch; and

(4) Arrange for witnesses to appear on his/her behalf at the hearing at no expense to the government.

b. Exceptions to immediately preceding subparagraph a. will be authorized only by the Director, DCP.

## Section E. Responsibilities of the Director, DCP

1. The Director, DCP, shall appoint a Board consisting of at least three commissioned corps medical officers. (The provisions of Section C.8 and 9, above, shall also apply.)

a. One member shall be designated to serve as president of the Board.

b. One member shall be assigned, when necessary, to serve as recorder. (See Section H.9, below.)

c. No officer shall be excused from serving on this Board except upon presenting evidence to the Director, DCP, of illness or hardship.

## Section F. Responsibilities of the Medical Branch, DCP

1. The Chief, Medical Branch, DCP, shall:

a. Provide the appellant with a copy of this INSTRUCTION upon receipt of a "Statement of Intent to Appeal";

b. Provide the appellant with copies of pertinent medical records within 7 days of receipt of the statement of intent;

c. Respond to written request(s) by the appellant for additional records;

d. No later than 21 calendar days after receipt of the full statement of appeal, establish a time and place for the hearing and provide notification thereof to the Board members and the officer. The Director, DCP, may, under extenuating circumstances, grant an exception to this deadline.

e. Distribute to the Board members copies of the MRB report, pertinent medical records which have been disclosed to the appellant, the officer's statement of appeal and all materials submitted by the officer for consideration by the Board;

f. At the request of the members of the Board, call witnesses to appear at the hearing, and provide additional information to the Board members. Any additional information received by Medical Branch and provided the Board concerning the case will also be provided to the appellant or his/her counsel; and

g. Review the recommendations of the Board before submission to Director, PSC, to assure such recommendations conform with existing laws, regulations and policies.

## Section G. Responsibilities of the Board Members

1. Upon receipt of appointment orders, members of the Board shall be prepared to appear on the day and time and at the site specified for the purpose of conducting the hearing.

2. Board members may request the following, when needed, from the Chief, Medical Branch, DCP. (Request will be made no later than five (5) working days prior to the hearing date.)

   a. Additional records;

   b. Clarification of records already furnished; or

   c. Participation in the hearing by any health care provider who participated in the physical examination upon which the MRB report was based, or by any person who has information pertinent to the case.

## Section H. Hearing Board Procedures

1. The president shall convene the Board.

2. The recorder shall administer the oath to the president of the Board.

3. The president of the Board shall swear in all members of the Board, the appellant, and the witnesses before proceeding.

4. All correspondence between the Medical Branch, DCP, (including the Chief, Medical Branch), the appellant, and the Board members shall be made part of the record.

5. The appellant or his/her counsel may make a statement regarding dissatisfaction with the MRB findings. Supporting evidence by written or oral statements from expert technical witnesses may also be presented to the Board.

6. The Board may question the appellant, and/or witnesses, seeking more information and clarification.

7. The Chief, Medical Branch, DCP, or an official designee, shall be present at the hearing to make statements for purposes of clarifying the record, applicable statutes, commissioned corps regulations and policies, and to respond to questions by the appellant, his/her counsel, or members of the Board.

8. The president of the Board shall insure that the hearing is conducted in an orderly and efficient manner. The president of the Board may limit any statements to that material or information which the Board finds to be pertinent or helpful to an equitable resolution.

9. A verbatim written transcript of the hearing shall be prepared when practicable. When this is not practicable, the recorder shall maintain a record of all sessions of the Board, including times of convening and adjourning, names of persons appearing before the Board, a resume of their statements, and a description of all documentary material introduced. In the event that no verbatim transcript is made, the appellant or his/her counsel, if any, shall be given an opportunity to review the record and to certify to its correctness. Such certification must be postmarked no later than seven calendar days from the date of receipt of the record.

## Section I. Deliberations and Conclusions by the Board

1. After the hearing has adjourned, the Board members will:

   a. Consider the record and all information obtained during the hearing; and

   b. Based on the applicable provisions of Title 10, Chapter 61, U.S. Code, and the material and information presented to the Board, prepare a report to the Director, PSC, which will include a recommendation as to

whether or not the appellant should be retained on active duty, retired for disability, or separated from the Service, and the reasons therefor; and, as appropriate, rate the disability in accordance with the Veterans Administration Schedule for Rating Disabilities. As stated in Section F.1.g, above, the Chief, Medical Branch, DCP, will review the Boards' recommendations before submission to the Director, PSC.

2. The Chief, Medical Branch, DCP, shall not participate in the Board's deliberations.

## Section J. Action by the Director, PSC

The Director, PSC, or his/her designee, shall make a determination on the case as he/she deems appropriate (CCPM Subchapter CC43.8, INSTRUCTION 1, Section 21.192 (d)), based on the record including the findings and recommendations of the Board. The appellant will be notified by the Director, DCP, of the determination made by the Director, PSC. The decision of the Director, PSC, or his/her designee, is final.

## Section K. Privacy Act Provisions

Personnel records are subject to the Privacy Act of 1974. The applicable systems of records are 09-37-0002, "PHS Commissioned Corps General Personnel Records, HHS/OASH/OSG", and 09-37-0003, "PHS Commissioned Corps Medical Records, HHS/OASH/OSG".