# United States Court of Federal Claims

| | | |
|---|---|---|
| **Sharon L. Myrick, DDS** | : | |
| **804 Musket Trial** | : | |
| **Nashville, TN 37217** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Case No: : 08-92 C** |
| **United States of America** | : | **Judge Braden** |
| | : | |
| **Defendant** | : | |
| | : | |

## Plaintiff's Reply In Support Of Motion For Judgment Upon Administrative Record

The Plaintiff, Sharon L. Myrick, (Myrick), by and through undersigned counsel, submits this reply in support of her motion for judgment upon the administrative record.

1. The Defendant raises three issues in their opposition to Myrick's motion for judgment upon the administrative record. **First**, they allege Myrick has no meaningful response to the Defendant's alleged showing that the appeals board's findings were supported by substantial evidence, **Second**, they allege Myrick's constitutional arguments are without merit, and **Third**, they allege Myrick cannot rely upon the presumption of fitness. We address these arguments in the order presented:

**DID MYRICK PROVIDE A MEANINGFUL RESOPNSE TO THE DEFENDANT'S ALLEGED SHOWING THAT THE APPEALS BOARD'S FINDINGS WERE SUPORTED BY SUBSTANTIAL EVIDENCE**.

2. Myrick's response was meaningful and it demonstrated that the appeal's board lacked substantial evidence to support its findings.

3. Myrick argued that a member with a qualifying disability is governed by **10 U.S.C. A. § 1201 .** If a service member alleges a qualifying disability, whether that disability qualifies is

determined by military boards or the administrative procedures within the Public Health Service, PHS. See, **Friedman v. United States**, 159 Ct. Cl. 1, 310 F.2d 381,396 (1962).

4. When Myrick submitted her letter of resignation on June 15, 2007, she was fully qualified for separation with a medical disability. Upon receipt of Myrick's letter, a medical review board, MRB, evaluated her case and found that Myrick' Medical Disability was not aggravated by her service, but a natural progression of the disease, and that she failed to disclose, at the time of her employment, that she suffered from MS., a preexisting medical condition.

5. When Myrick's case was initially evaluated, for a medical disability retirement, the United States did not present any evidence to refute any of Myrick's evidence and/or testimony, that she was entitled to medical disability retirement, nor did they present any witnesses, to testify that Myrick's condition was not aggravated by her service or that she failed to disclose she had MS at the time of her employment. In order for the appeals board to find that Myrick's medical disability was not service related, but a natural progression of her disease, they were obligated to present expert testimony to support those allegations.

6. In absence of legally sufficient evidence to refute Myrick's evidence, her evidence must be deemed conceded and the appeal's board's findings were not supported by substantial evidence and they must be reversed.

**DOES MYRICK'S CONSTITUTIONAL ARGUMENT HAVE MERIT**

7. The Defendant argues that Myrick's constitutional arguments lack merit because Myrick does not have a property interest in receiving military benefits. This is incorrect.

8. When Myrick joined the PHS, she was told that she could retire pursuant to **42 U.S.C. § 212**, et seq, and **10 U.S. C. § 1201**, et seq., with a medical disability retirement or severance pay, if she qualified. This is no different than an employee that is guaranteed social security benefits if they work the required amount of quarters. The right to receive social security benefits becomes a property right, when that person fulfills the required amount of employee

quarters to receive social security. In this case, when Myrick worked for the PHS, she has a property interest in receiving medical retirement benefits, if she qualifies. The right for any PHS member to retire with medical retirement benefits, is as property interest that entitled her, like anyother PHS officer, that qualified, to receive medical retirement benefits pursuant to: **10 U.S. C. § 1201;** See **Chambers v. U.S.** 417 F.3rd 1218, 1223 (Fed. Cir. 2005).

**CAN MYRICK RELY UPON THE PRESUMPTION OF FITNESS?**

9. The presumption of fitness applies to Myrick. Before joining PHS, Myrick like all other service members, had to pass an extensive and rigorous physical test, to determine if they're fit to perform their duties. Myrick's test was performed at the Veterans Administration Hospital in Nashville, Tennessee. She passed it and was assigned to serve as a United States Dental Officer in a dental clinic located in Great Lakes, Illinois from October 1985 to July 1988. She left the Navy, in 1988, and went on inactive status, but returned to the PHS, and served as a commissioned officer, with the Indian Health Service, in Acoma, New Mexico from November 1996 to October 1998. Her last assignment, with the PHS, began in April of 2005. She was assigned as a Naval Reserve Dental Officer at the Naval Reserve Center, in Chattanooga, TN, but was also assigned to serve as a Senior Public Health Analyst, with the Bureau of Health Profession's Division of Medicine and Dentistry, in PHS' headquarters in Rockville, Md.

10. When Myrick first joined the PHS she was not diagnosed with MS. Any diagnosis came in 2000, after she was serving in the PHS. This being the case, the diagnosis of her disease happened while she was on active duty, not before it.

11. The Disability Evaluation Manual presumes that Myrick's MS was incurred on active duty unless she "withheld information which would have established the preexistence of the disabling condition" at the time she applied for her commission. The Defendant argues that

Myrick withheld information about her condition and her expressed disagreement with the MS diagnosis lacks credibility because she's not a neurologist. They allege that Myrick's "self-denial" of the MS does not create a reasonable doubt that she had MS and failed to disclose it.

12. This is incorrect. It was not "self-denial" or the lack of expertise in neurology that supports Myrick's testimony. She testified that her health was excellent, that she enjoyed a full life, danced, swam, ran, took the Navy's PT test, which required her to run a mile and half, do sit-ups, push-ups, and take a swim test. She passed them with an outstanding rating and there was no reason for her believe, giving her health, that she had MS. Her denial was not self-denial, but denial based on her excellent physical condition.

13. Captain Wolf, one of the board members of the appeal board's members, admitted that MS' symptoms may not have presented themselves when Myrick completed the medical history form. This is evidence that Myrick did not withhold information about MS, but based on her physical health and the life she was leading, her denial in the MS diagnosis was reasonable and the presumption of fitness applies to her.

14. This being the case, the Board's approval of MRB's findings was: arbitrary, capricious, contrary to the law, unsupported by the evidence and reversal is warranted.

Respectfully submitted,

***s/s Wendell C. Robinson***

Wendell C. Robinson
Counsel for the Plaintiff
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

## Certificate of Service

I certify that on this 21st day of August 2008, a copy of Myrick's reply in support of her motion for judgment on the pleadings was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

***s/s Wendell C. Robinson***